# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

ROBERT CARROLL,

  Plaintiff,

vs.

HAWKEYE COMMUNITY COLLEGE, ETHAN CRAWFORD, and SUSAN COLETTA HAUBER,

  Defendants.

22-CV-2011 CJW-MAR

**ORDER**

## I. INTRODUCTION

This matter is before the Court on defendants' Partial Motion to Dismiss Amended Complaint filed on August 18, 2022 (Doc. 24) and their Partial Withdrawal of Its [sic] Motion to Dismiss Amended Complaint filed on August 30, 2022 (Doc. 27) (collectively, "defendants' motion"). On September 1, 2022, plaintiff timely filed a resistance. (Doc. 28). On September 8, 2022, defendants timely filed a reply. (Doc. 29). For the following reasons, the Court **grants in part** and **denies in part** defendants' motion.

## II. RELEVANT BACKGROUND

The following facts are taken from plaintiff's Amended Complaint. (Doc. 18).

On March 7, 2018, defendant Hawkeye Community College ("the College") hired plaintiff to serve as its Head Men's and Women's Soccer Coach. (*Id.*, at 2). On September 17, 2018, plaintiff and the College entered into a written employment agreement ("the Agreement"). (*Id.*). The Agreement provided for plaintiff to work for two years "unless sooner terminated in accordance with the other provisions of this Agreement." (*Id.*, at 3). The Agreement allowed either party to terminate the Agreement for "good or adequate cause," including for certain listed grounds. (*Id.*). To terminate

the agreement for cause, the terminating party had to provide 60-days' written notice and pay liquidated damages. (*Id.*, at 4).

On February 14, 2020, plaintiff met with defendant Ethan Crawford ("Crawford"), the College's Athletics Director, and defendant Susan Hauber ("Hauber"), from the College's Human Resources department, and the College's Vice President, Dione Somerville. (*Id.*, at 1-2, 5). During that meeting, plaintiff was accused of using cocaine. (*Id.*). Plaintiff alleges that he was on a medication for Attention Deficit Hyperactivity Disorder which has side effects that could be mistaken for symptoms of illicit drug use. (*Id.*).

Defendants conducted an investigation into plaintiff's possible drug use, and made it known to others that they were investigating plaintiff for illegal drug use and drug dealing. (*Id.*, at 6).

On March 13, 2020, defendants terminated plaintiff's employment. (*Id.*, at 7). The termination letter listed a number of reasons for the termination, including poor job performance, but also that he attempted to buy narcotics from a student and failed to cooperate in the investigation into his drug use. (*Id.*). Plaintiff alleges the false reasons stated in the termination letter subjected him to "scorn and stigma." (*Id.*). Plaintiff alleges he was denied a pre-termination hearing and due process. (*Id.*, at 9).

On May 19, 2020, plaintiff requested a post-termination hearing "and a name clearing hearing." (*Id.*). A hearing was held on August 25, 2020, but plaintiff alleges he was denied due process during the hearing. (*Id.*, at 10-11).

Plaintiff's complaint brings three claims. Count I alleges a denial of due process under the United States and Iowa Constitutions, and is pled in part under Title 42, United States Code, Section 1983. (*Id.*, at 12-18). Count II alleges breach of contract and promissory estoppel. (*Id.*, at 18-22). Count III alleges defamation. (*Id.*, at 22-25).

2

### III.   APPLICABLE LAW

Before filing an answer, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court must also grant "all reasonable inferences" from the pleadings "in favor of the nonmoving party."  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Plausibility is not equivalent to probability, but it is something "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "The question . . . is not whether [a plaintiff] might at some later stage be able to prove [its claims]; the question is whether [a plaintiff] has adequately asserted facts (as contrasted with naked legal conclusions) to support his claims."  *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012).  Judgment on the pleadings may be granted "on the basis that the governing . . . statute of limitations expired."  *Thach v. Tiger Corp.*, 609 F.3d 955, 960 (8th Cir. 2010).

## IV. ANALYSIS

Defendants seek to partially dismiss plaintiff's claims in Counts I and III of plaintiff's amended complaint. Relying on the two-year statute-of-limitation, defendants argue that any acts giving rise to claims prior to March 12, 2020, are barred. (Docs. 24 & 27).[1] Specifically, defendants allege that plaintiff's due process claims pertaining to the investigation and defamation claims arising from "the February 14, 2020 meeting, the drug screening, and any statements made during the investigation that occurred on or before March 11, 2020" are time-barred. (Docs. 24 & 27).

Section 1983 does not contain a statute-of-limitation; instead, courts apply the state statute-of-limitation for personal-injury torts. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Iowa, the statute-of-limitation for a Section 1983 claim is two years. *White v. Kautzky*, 494 F.3d 677, 681 (8th Cir. 2007); IOWA CODE § 614.1(2) (requiring actions founded on injuries to person or reputation be brought within two years of the injury). Plaintiff acknowledges that he is subject to a two-year statute-of-limitation on his due process claim and does not contest the application of the two-year statute-of-limitation on his defamation claim. (Doc. 28-1, at 5, 8-10).[2]

The question here is when the statute-of-limitations accrued on plaintiff's claims. Although both claims are subject to the same two-year statute-of-limitations, the Court will address the claims separately.

---

[1] To be clear, based on a two-year statute- of-limitation, any of plaintiff's claims based on conduct or statements made on or after March 12, 2020, are timely. *See* FED. R. CIV. P. 6(a)(1); (Doc. 1 (filed on March 14, 2022)). Any of plaintiff's claims based on conduct or statements made on or before March 11, 2020, are untimely.

[2] The Court agrees that both claims are subject to the same two-year statute-of-limitation. IOWA CODE § 614.1(2).

4

Case 6:22-cv-02011-CJW-MAR    Document 30    Filed 09/26/22    Page 4 of 9

## A. Plaintiff's Due Process Claim

Although state law determines the statute-of-limitation, federal law determines when the claim accrues for Section 1983 claims. *Wallace*, 549 U.S. at 388. Accordingly, for present purposes, a claim accrues when the plaintiff has "a complete and present cause of action," such that the plaintiff could "file suit and obtain relief." *Id.* (quoting *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Defendants assert that plaintiff's 1983 claims are time-barred as to any claims arising before March 12, 2020. (Doc. 27, at 2). Defendants note that plaintiff asserts alleged wrongdoing at the February 14, 2020 meeting, to an alleged drug screen he was required to undergo on February 14, 2020, and to statements made about him during the investigation, all of which took place prior to March 12, 2020. (*Id.*). Plaintiff alleges that his due process claim did not begin to run until defendants denied him a name-clearing hearing on August 25, 2020. (Doc. 28-1, at 5-8).

In defining the word "accrued," the Supreme Court held that "[i]n the common parlance[,] a right accrues when it comes into existence." *Gabelli v. S.E.C.*, 133 S. Ct. 1216, 1220 (2013) (quoting *United States v. Lindsay*, 346 U.S. 568, 569 (1954)). Thus, the "'standard rule' is that a claim accrues 'when the plaintiff has a complete and present cause of action.'" *Id.* (quotation omitted). The question then is whether plaintiff had a cause of action at the time he was accused of wrongdoing at the February 14, 2020 meeting, when he was subject to a drug screen on February 14, 2020, or when allegedly false statements were made about him during the investigation. Plaintiff disavows that these actions caused his constitutional injury; rather, he asserts they triggered a due process "right to a name-clearing hearing once they became the basis for his termination." (Doc. 28-1, at 6). Plaintiff asserts that only then did he know or have reason to know of his injury. (*Id.*).

5

To the extent plaintiff alleges that he was constitutionally wronged at the February 14, 2020 meeting, or that subjecting him to a drug screen on February 14, 2020, violated the Constitution, then the statute-of-limitation bars those claims. Plaintiff seems to disavow that these acts gave rise to claims for damages, however, and the Court struggles to see how they could. The February 14, 2020 meeting appears to have constituted an accusation that gave rise to an investigation. It is hard to imagine how alerting plaintiff that accusations were being made against him and that he was under investigation violated his constitutional rights. Further, plaintiff's complaint fails to state facts that would show that defendants violated his constitutional rights by subjecting him to a drug screen. Plaintiff asserts that he is skeptical that he was randomly selected for a drug screen (Doc. 18, at 6), but that falls far short of alleging facts showing that he was unconstitutionally selected for a drug screen.

As for the allegations that defendants injured plaintiff's reputation by statements made during the investigation, the Court lacks sufficient information from the facts alleged in the amended complaint to determine if the statute-of-limitation bars any cause of action predicated on this conduct. The allegedly false statements made about plaintiff during the investigation and prior to March 12, 2020, could theoretically give rise to a cause of action that would exist independent of any request for a name-clearing hearing. Plaintiff would or should have known he had a cause of action for being injured by false statements about him, at least as soon as he knew of them. If government employees were making false statements about plaintiff that injured his reputation, then a cause of action arose when plaintiff knew of those statements. The complaint, however, does not state when plaintiff became aware of the allegedly false statements, nor do the facts of the complaint provide enough information for the Court to assess when plaintiff should have known about the allegedly false statements. Because the Court lacks facts sufficient to determine if the statute-of-limitation bars a claim based on statements made during the

investigation, the Court must deny defendants' motion to dismiss on that claim, to the extent plaintiff is seeking damages based on that conduct.

Thus, the Court grants defendants' motion to dismiss as to any independent claim for damages predicated on the February 14, 2020 meeting and the February 14, 2020 drug screen, but denies defendants' motion to dismiss as to any claim arising from allegedly false statements made during the investigation prior to March 12, 2020. To be clear, finding that independent claims cannot rest on the February 14, 2020 meeting or the February 14, 2020 drug screen is not to say that these events are necessarily irrelevant or inadmissible. That is a matter for a motion in limine and review under the Federal Rules of Evidence. The holding here only bars plaintiff from seeking damages specifically on those events.

### B.   *Plaintiff's Defamation Claim*

As for his defamation claim, plaintiff argues that defamation is a continuing tort when the defamatory statements are repeated. (Doc. 28-1, at 8-10). Although plaintiff concedes that "the exact dates of these subsequent publications" are unknown, he asserts that the burden of segregating damages falls on defendants. (*Id.*, at 10). Defendants disagree that defamation is a continuing tort and argue that the statute-of-limitation bars claims for damages for any allegedly defamatory statement made before March 12, 2020. (Doc. 29).

"To establish a prima facie case in a[ ] defamat[ion] action, a plaintiff must show the defendant (1) published a statement that was (2) defamatory (3) of and concerning the plaintiff." *Bierman v. Weier*, 826 N.W.2d 436, 464 (Iowa 2013) (second alteration in original) (quoting *Taggart v. Drake Univ.*, 549 N.W.2d 796, 802 (Iowa 1996)). Each incident of defamation is separately actionable. *See id.* "Under Iowa law, the 'statute of limitations begins to run when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act.'" *Roth v. G.D. Searle*

7

*& Co.*, 27 F.3d 1303, 1306 (8th Cir. 1994) (quoting *Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985)).  So, under Iowa law, the two-year statute-of-limitation for a defamation claim begins when the injured person knew or should have known about the incident of defamation.  *See id.*; IOWA CODE § 614.1(2).

Here, again, the Court lacks sufficient facts from the face of the amended complaint to determine whether the statute-of-limitation bars plaintiff's claims.  First, as noted above, the amended complaint fails to allege when plaintiff became aware of the alleged defamatory statements.  Second, although plaintiff has argued continuing publication of the defamatory statements by defendants, he concedes that he does not know when the original defamatory statements were published and, more importantly, his amended complaint fails to state the dates when the subsequent publications were made.  It is defendants' burden to show that the statute-of-limitation bars plaintiff's claims.  Given the absence of facts alleged in the amended complaint to determine the time frame of events, defendants have failed to carry this burden.  It may very well be that discovery will reveal facts establishing all of the pertinent dates and show that the statute-of-limitation bars plaintiff's claims, but if so it will have to await a motion for summary judgment.

To the extent that plaintiff argues defamation is a continuing tort, the Court disagrees.  As defendants point out in their reply brief, the authority upon which plaintiff relies for this proposition does not support it. (Doc. 29, at 2 & n.1 (discussing Doc. 28-1, at 8-10)).  Rather, each incident of defamation is separately actionable, but only those that are shown to have occurred after the statute-of-limitation began to run—that is when defendants knew or should have known they were made—can result in an award of damages.

## V. CONCLUSION

For the reasons stated, the Court **grants in part and denies in part** defendants' partial motion to dismiss. (Doc. 24, as amended by Doc. 27). The Court **grants** defendants' partial motion to dismiss to the extent plaintiff asserts a claim for damages for the February 14, 2020 meeting or being subjected to a drug screen on February 14, 2020. The Court **denies** defendants' partial motion to dismiss in all other regards.

**IT IS SO ORDERED** this 26th day of September, 2022.

_____
C.J. Williams
United States District Judge
Northern District of Iowa